UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SYLVIA MARGARET HUNGERFORD, ET AL | * | CIVIL ACTION NO. 2:15 cv 2754 |
| V. | * | JUDGE MINALDI |
| SMITH & NEPHEW, INC | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Stay (Rec. Doc. 12) filed by plaintiffs Sylvia Margaret Hungerford and Christopher Hungerford, a Response (Rec. Doc. 15) filed by defendant Smith & Nephew, Inc. ("Smith & Nephew"), and a Reply (Rec. Doc. 16) filed by the Hungerfords. For the following reasons, the motion is **GRANTED**.

On November 4, 2014, Dr. Robert Duarte performed surgery on both of Mrs. Hungerford's knees at Lake Charles Memorial Hospital utilizing medical devices produced by Smith & Nephew.[1] Mrs. Hungerford's left knee was deformed after the surgery, and Dr. Duarte performed three subsequent surgeries in an attempt cure the deformity before referring her to another doctor.[2] On November 4, 2015, the Hungerfords filed a Petition for Damages under the Louisiana Products Liability Act in the Fourteenth Judicial District Court for the Parish of Calcasieu, naming Smith & Nephew as the sole defendant.[3] On the same day, the Hungerfords filed a Request for Medical Review Panel pursuant to the Louisiana Medical Malpractice Act.[4] The Hungerfords allege that they filed the request in lieu of naming Dr. Duarte as a defendant because any lawsuit against him would be premature until the conclusion of a medical review

---

[1] Pet. for Damages (Rec Doc. 1-2) ¶¶ 6-10.
[2] *Id.* at ¶¶ 11-27.
[3] *Id.* at ¶ 3.
[4] Ex. 1, Certified Letter (Rec. Doc. 12-2).

1

panel proceeding. On November 20, 2015, Smith & Nephew removed the case.[5] The Hungerfords filed the present motion on March 11, 2016, arguing that a stay pending the medical review panel's expert opinion would prevent inequity and wasteful litigation as the treatment being reviewed is the same medical treatment that forms the basis of this suit.[6]

A district court has broad discretion to stay proceedings and to control its docket in order to promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The moving party must show a clear case of hardship or inequity in being required to proceed if there is even a fair possibility that the stay would harm another party. *Id.* at 255. However, such considerations "are counsels of moderation rather than limitations upon power." *Id.*

Under Louisiana law, a suit against a covered health care provider may not be filed until the proposed complaint has been presented to a medical review panel, and the panel has rendered its expert opinion on the merits of the complaint. *Flagg v. Stryker Corp.*, 819 F.3d 132, 137-38 (5th Cir. 2016) (quoting LA. REV. STAT. ANN. § 40:1231.8(B)(1)(a)(i)). The Fifth Circuit recently held that a patient who brought medical malpractice claims against non-diverse health care providers before obtaining the medical review panel's expert opinion improperly joined those parties to a suit against diverse medical device manufacturers. *Id.* at 140; *see also Bugay v. McCain*, No. 08-1690, 2008 WL 2782869, at *2 (E.D. La. July 15, 2008) ("A malpractice suit commenced before a medical review panel's ruling results in an exception of prematurity and a dismissal of plaintiff's suit, unless the parties agree to waive the requirement."). Thus, a plaintiff who files suit against a diverse medical device manufacturer and also seeks to assert claims against a non-diverse health care provider for claims arising from the same events is precluded

---

[5] Not. of Removal (Rec. Doc. 1).
[6] Mot. to Stay (Rec. Doc. 12).

from naming the health care provider as a defendant until the medical review panel issues its expert opinion. If the diverse medical device manufacturer removes the case, there can be no remand based on the non-diverse health care provider until the medical review panel issues its expert opinions.

In these circumstances, a plaintiff may file a motion to stay to avoid having to proceed in federal court against the medical device manufacturer while awaiting the decision of the medical review panel. Several courts have addressed such situations, with varying outcomes. *See Bugay*, 2008 WL 2782869, at *2 (denying motion to stay because it would prejudice the efforts of defendants to preserve evidence, gather information, and seek summary dismissal of the claims asserted against it); *Audrisch v. Ethicon, Inc.*, No. 02-0243-M, 2002 WL 32151749, at *2 (W.D. La. Apr. 11, 2002) (denying motion to stay because defendant would be prevented from seeking summary disposition of the suit and saving the expense of further litigation); *Lillie v. Wyeth-Ayerst Labs.*, No. 94-1744, 1994 WL 532091, at *2 (denying motion to stay because the claims against the health care provider were grounded in negligence and the claims against the medical device manufacturer were grounded in products liability, and also because any discovery could be used in state court if the matter were remanded); *Sousa ex rel. v. Prosser*, No. 03-2942, 2004 WL 1497764, at *4-5 (E.D. La. July 1, 2004) (granting motion to stay to avoid piecemeal resolution, ensure consistent results, and promote judicial economy by having matters litigated only once); *Cooper v. Sofamor, Inc.*, No. 92-3111, 1993 WL 17634, at *2 (E.D. La. Jan. 15, 1993) (granting motion to stay in the interests of judicial economy because the elements of the medical malpractice claims and products liability claims cannot be neatly separated); *Harris v. Brecher*, No. 06-1678, 2007 WL 1296349, at *2 (W.D. La. Apr. 13, 2007) (granting motion to

stay because plaintiffs would likely need to depose at least some of the physicians or medical providers named in the medical review proceeding).

Although all of the aforementioned cases make valid points, the court is persuaded that the proper course of action is to grant the motion to stay. The prejudice Smith & Nephew may suffer from being unable to seek summary dismissal of the claims asserted against it sooner rather than later is significantly outweighed by the prejudice the Hungerfords may suffer by having to litigate their claims against each defendant separately even though they all arise from the same events. Moreover, the Hungerfords should not be forced to litigate some of their claims in a federal court pursuant to its diversity jurisdiction because a state procedural law requires them to wait for approval to add a non-diverse party as a defendant. Finally, even if the discovery could be used in state court if the matter is remanded and their various claims are grounded in different theories of liability, judicial efficiency is best promoted by avoiding piecemeal litigation. Accordingly,

**IT IS ORDERED** that the Motion to Stay (Rec. Doc. 12) is **GRANTED**.

Lake Charles, Louisiana, this ___ day of ___August___, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4